UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAUL NEWMAN,

       Petitioner,

v.                                    Case No: 2:16-cv-27-FtM-99MRM

SECRETARY, DEPARTMENT OF CORRECTIONS and ATTORNEY GENERAL, STATE OF FLORIDA,

       Respondents.[1]

_____

**ORDER OF DISMISSAL**

This matter comes before the Court upon review of the "Extraordinary Writ of Protection for stay and Abeyance" (Doc. #1) filed on January 6, 2016. The Petitioner asks the Court to stay and abey his Petition for Writ of Habeas Corpus filed pursuant to

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in United States District Courts (hereinafter the "Rules") provides that applicants in "present custody" seeking habeas relief should name "the state officer having custody of the applicant as respondent." The Supreme Court has made clear that there "is generally only one proper respondent to a given prisoner's habeas petition." Rumsfield v. Padilla, 542 U.S. 426, 435 (2004). This is "'the person with the ability to produce the prisoner's body before the habeas court.'" Id. at 435-436. When the petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the attorney general or some other remote supervisory official." Id. at 436 (citations to other authorities omitted). Alternatively, the chief officer in charge of the state penal institution is also recognized as the proper named respondent. Rule 2(a), Sanders v. Bennet, 148 F.2d 19 (D.C. Cir. 1945). In Florida, the proper Respondent in this action is the Secretary of the Florida Department of Corrections. Thus, the Florida Attorney General will be dismissed from this action.

28 U.S.C. § 2254.  Notably, Petitioner has not filed a Petition and the instant motion does not contain any grounds for relief and instead requests that the Court stay and abey the action.  (Id. at p. 4.)

Petitioner asserts that he is unable to reach his private counsel who is representing him before the Florida Supreme Court and he is unclear as to the current status of his case.  (Doc. #1, p. 2.)  Petitioner acknowledges that there are unexhausted claims still pending in the State and Circuit Courts.  (Id. at p. 5.)  Petitioner also states that if he is in error for filing the Petition that this action be dismissed without prejudice.  (Id. at p. 6.)

The Federal Rules of Civil Procedure may be applied when appropriate in habeas corpus actions to the extent they are not inconsistent with the Rules Governing § 2254 Cases.  See Rule 11, Rules Governing § 2254 Cases; Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007) (stating Federal Rules of Civil Procedure apply to habeas proceedings, to the extent they are not inconsistent with the statutes that govern habeas proceedings).  Under Fed. R. Civ. P. 3, a civil action is commenced by the filing of a Complaint, not a motion.  Likewise, a habeas corpus action is commenced by the filing of a petition, not a motion.  Thus, this action is subject to dismissal, without prejudice, under Fed. R. Civ. P. 3.  The Court must, nevertheless, address Petitioner's

Motion, considering Petitioner claims if the Court does not issue a stay, then the statute of limitations will preclude him from filing a future § 2254 petition.

To address potential time-barred problems, the district court has discretion to stay a habeas action pending resolution of state post-conviction proceedings. Rhines v. Weber, 544 U.S. 269 (2005); see also Ogle v. Johnson, 488 F.3d 1364, 1370 (11th Cir. 2007)(finding that since Rhines, when a district court is confronted with a mixed petition, the ordinary disposition is to either dismiss the petition in its entirety, or grant a stay and abeyance). In Rhines, the Supreme Court approved the use of a "stay and abeyance" procedure in certain instances. However, a stay and abeyance is available only if: (1) the petitioner had "good cause" for failing to exhaust the claims in state court, (2) the unexhausted claims are "potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. Id. at 277-78. The Supreme Court cautioned that a stay and abeyance should be available only in limited circumstances. Id. at 277 (emphasis added). Further, as noted by the Supreme Court, "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings." Id.

The Court finds a stay and abeyance is not appropriate here. Neither the factual basis, nor the purpose supporting the stay and abeyance procedure approved by Rhines is present. The Court is not faced with a mixed petition. Petitioner initiated the action by filing a Motion, not a Petition raising any grounds for relief. Thus, the Court cannot decipher whether Petitioner even has any claims of potential merit. The purpose of granting a stay is to allow a petitioner to exhaust his unexhausted claims without risk of losing federal review of those claims. This is not the situation before the Court. Thus, the Court denies Petitioner's Motion.

ACCORDINGLY, it is hereby **ORDERED**:

1. The Florida Attorney General is **DISMISSED** as a named Respondent.

2. The motion to stay (Doc. #1) is **DENIED**.

3. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this   5th   day of April, 2016.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: ftmp-2
Copies: All Parties of Record